UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TODD MILNER,
                         Plaintiff,

         v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
CARNEY, Shield # 26009, 32nd Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 32nd Precinct,
NEW YORK CITY POLICE OFFICER
HOUSE, Shield # 30423, 32nd Precinct,
                         Defendant(s).
----------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, TODD MILNER, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, TODD MILNER is a United States Citizen and resident of the United States, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER CARNEY, Shield Number 26009, upon information and belief of the 32nd Precinct, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER CARNEY is sued individually and in his official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER CARNEY was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant NEW YORK CITY POLICE OFFICER CARNEY was acting for and

–2–

on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT.

9. Defendants NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER HOUSE, Shield # 30423, upon information and belief, also of the 32nd Precinct, are and at all times relevant, officers and employees and agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICERS DOE and HOUSE are sued individually and in their official capacity. At all times relevant, Defendant POLICE OFFICERS DOE and HOUSE, were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful function in the course of their duties. Defendant NEW YORK CITY POLICE OFFICERS DOE and HOUSE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to their lawful duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts

as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant

CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services

provided by THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a Party, is a municipal

entity created and authorized under the laws of the State of New York. It is authorized by law to

carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental

to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On April 19, 2010 at approximately 11:30 p.m. Plaintiff, who is a resident of New York

County, was sitting on the stoop of his residence located at 109 West 131st Street in New

York County with three friends when Defendant NEW YORK CITY POLICE

OFFICERS CARNEY and DOE, in uniform, walked by on foot patrol. Upon further

information and belief, The Plaintiff, who had a red plastic cup containing Mountain

Dew soda on the step next to him, said "how are you doing officers". The Defendant

Officers CARNEY and DOE responded to the Plaintiffs' greeting by stopping and

ordering the Plaintiff to step off of the stoop. Upon further information and belief, the

Plaintiff responded to the officers by saying in sum and substance: "it's my personal

property, I don't have to leave my personal property." Upon further information and

belief, Defendant NEW YORK CITY POLICE OFFICER CARNEY responded by

asking the Plaintiff, in sum and substance: "You own this?" to which the Plaintiff

responded "yes I do".  Upon information and belief, Defendant NEW YORK CITY

POLICE OFFICER JOHN DOE then asked the Plaintiff's friends in sum and substance:

"Does he own this?" to which the Plaintiff's three friends responded: "yes he does".

Defendant NEW YORK CITY POLICE OFFICER CARNEY then asked the Plaintiff in

sum and substance: "You have a deed in your name?" to which the Plaintiff responded in

sum and substance: "Sir, in order to own property in New York City you must have a

deed entitled in your name."  The Plaintiff then offered to produce his deed for

Defendant NEW YORK CITY POLICE OFFICER CARNEY'S inspection.  Upon

further information and belief Defendant NEW YORK CITY POLICE OFFICER

CARNEY, declined the Plaintiff's offer, instead asking the Plaintiff for identification, to

which the Plaintiff responded "it's in the house."  The Plaintiff, who was barefoot, then

asked Defendant NEW YORK CITY POLICE OFFICER CARNEY in sum and

substance: "Do you empty your garbage with identification, do you check your mail with

identification?" Upon further information and belief, Defendant OFFICER CARNEY

and Defendant OFFICER DOE then asked the Plaintiff's friends if they had

identification, to which the Plaintiff's friends responded in sum and substance: "It's in

the house." Upon further information and belief, Defendant OFFICER DOE then asked

the Plaintiff "why are you becoming so aggressive?" to which the Plaintiff responded in

sum and substance: "I'm not becoming aggressive, I'm just speaking intelligently,

respectfully, I'm not raising my voice, I'm letting you know that I'm aware of my rights.

You're supposed to be "CPR", courteous, professional and respectful, you haven't been

any of that to me. In fact, you have been insulting by suggesting that I, as a young black

male, can't afford a brownstone in Harlem, because you, as a Caucasian officer protecting this area, can't afford one." While stating the aforementioned to Defendant OFFICER DOE, the Plaintiff overheard Defendant OFFICER CARNEY using his police radio to request "back up". A few minutes later, two marked Police cars and a marked van from THE NEW YORK CITY POLICE DEPARTMENT arrived at the Plaintiff's residence. Upon further information and belief, neighbors from other buildings began to look out their windows and observed the aforementioned incident, as well as the Plaintiff's uncle, who also informed Defendant OFFICER CARNEY and DOE that the Plaintiff owned the building. The Plaintiff asked his uncle to go back upstairs, and then stated to Defendant OFFICERS DOE and CARNEY "you want me to step off the stoop so you can arrest me." The Plaintiff then stepped off his stoop and was immediately ordered to turn around by Defendant OFFICERS CARNEY and DOE, who proceeded to place the Plaintiff in handcuffs with his hands placed behind his back. The Plaintiff was then subjected to a pat down search by Defendant OFFICERS CARNEY and DOE and led, barefoot, to a NEW YORK CITY POLICE DEPARTMENT squad car. While the Plaintiff was sitting in the squad car, NEW YORK CITY POLICE SERGEANT PEREZ approached the Plaintiff's friends and asked one of them to go into the Plaintiff's residence to retrieve the Plaintiff's identification. The Plaintiff was subsequently transported to the 32nd precinct where he was fingerprinted, photographed and searched by members of the NEW YORK CITY POLICE DEPARTMENT and then placed in a holding cell. Upon further information and belief, at the 32nd Precinct Defendant OFFICER CARNEY instructed the Plaintiff to put on a pair of dirty sneakers that did not

belong to the Plaintiff and further informed the Plaintiff that if he did not put on the sneakers the Plaintiff "could not go to Central Booking" and that the Plaintiff would "have to go to the psych ward." When the Plaintiff continued to object to having to put on the footwear offered to him at the 32nd Precinct, Defendant NEW YORK CITY POLICE OFFICER HOUSE informed the Plaintiff that he would be transporting the Plaintiff to Harlem Hospital. Members of the NEW YORK CITY POLICE DEPARTMENT including Defendant OFFICERS CARNEY and HOUSE then told the Plaintiff if he consented to wearing the footwear offered by the police he "would be in Central Booking for an hour or two, and then he would be out, and if he didn't they would take him to the "psych ward" and that would take five hours." Given these options by the Police, the Plaintiff elected to wear the footwear offered by Defendant OFFICER CARNEY. The Plaintiff was subsequently transported from the 32nd Precinct to Central Booking, arriving there at approximately 5:15 a.m. At Central Booking the Plaintiff was searched again by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was held in the custody of the NEW YORK CITY POLICE DEPARTMENT until the next day, when he appeared before a Judge in Manhattan Criminal Court. The Plaintiff's family retained legal counsel for the Plaintiff, who asked the Plaintiff if he was aware of a warrant for a summons from 1995. Upon further information and belief, it was revealed that the Plaintiff did not have any warrants. At the Court appearance the Plaintiff was informed by members of the NEW YORK COUNTY DISTRICT ATTORNEY'S office that the Plaintiff was not being subjected to prosecution for the arrest made by Defendant OFFICERS CARNEY and

DOE. The Plaintiff was eventually released after being held in custody by THE NEW YORK CITY POLICE DEPARTMENT for approximately twenty four hours.

## FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

13. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER CARNEY acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully detaining, questioning, searching and arresting Plaintiff TODD MILNER, without probable cause.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER CARNEY occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

OFFICER JOHN DOE acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully detaining, questioning and arresting Plaintiff TODD MILNER without reason or probable cause.

18.  That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Violation**

20.  Plaintiffs incorporate each and every allegation contained in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21.  That upon information and belief the conduct of Defendant NEW YORK CITY POLICE OFFICER CARNEY acting under the color of State Law did violate Section 42 U.S.C. 1983 by unlawfully threatening to take the Plaintiff to a psychiatric ward of a local hospital without lawful cause or reason.

22.  That the actions of Defendant NEW YORK CITY POLICE OFFICER CARNEY occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## FOURTH FEDERAL CLAIM

## Violation of Right secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Violation

23.   Plaintiff incorporates by reference each and every allegation contained in paragraphs One(1) through Twenty Two (22) as if fully set forth herein.

24.   That upon information and belief the conduct of Defendant NEW YORK CITY POLICE OFFICER HOUSE acting under color of State law did violate Section 42 U.S.C. 1983 by unlawfully threatening to transport Plaintiff to a local area hospital for psychiatric evaluation without lawful cause or reason.

25.   That the actions of defendant NEW YORK CITY POLICE OFFICER HOUSE occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY of NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## FIRST STATE LAW CLAIM

26.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27.   That the actions of Defendant NEW YORK CITY POLICE OFFICER CARNEY resulted in the false arrest, detention and searches of Plaintiff TODD MILNER, and causing the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## SECOND STATE LAW CLAIM

28.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Twenty Seven (27) as if fully set forth herein.

29. That the actions of Defendant New York City POLICE OFFICER CARNEY resulted in the infliction of emotional distress and physical injury to Plaintiff TODD MILNER, and causing the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## THIRD STATE LAW CLAIM

30. The Plaintiffs incorporates by reference the allegations contained in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That the actions of Defendant New York City Police Officer JOHN DOE resulted in the false arrest, detention and searched of Plaintiff TODD MILNER, causing the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## FOURTH STATE LAW CLAIM

32. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One(1) through Thirty One (31) as if fully set forth herein.

33. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer CARNEY resulted in the false arrest, detention and searches of Plaintiff TODD MILNER, and causing the aforementioned and hereinafter mentioned harm to Plaintiff TODD MILNER.

## FIFTH STATE LAW CLAIM

34. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN

DOE through the doctrine of Respondeat Superior, resulted in the false arrest, detention and search

and seizure of Plaintiff TODD MILNER, and causing the aforementioned and hereinafter mentioned

harm to Plaintiff TODD MILNER.

SIXTH STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Five (35) as if fully set forth herein.

37. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER HOUSE

resulted in the unlawful detention and search and  of the Plaintiff, causing the aforementioned and

hereinafter mentioned harm to Plaintiff.

SEVENTH STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Seven (37) as if fully stated herein.

39. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER

CARNEY, through the doctrine of Respondeat Superior resulted in the false arrest, detention,

physical injury, and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm

to Plaintiff TODD MILNER.

EIGHTH STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Nine (39) as if fully set forth herein.

–12–

41. That the actions of Defendant New York City Police JOHN DOE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, as well as physical pain and suffering.

## NINTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One(41) as if fully set forth herein.

43. That the actions of Defendant NEW YORK CITY POLICE OFFICER HOUSE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

44.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICERS CARNEY, DOE and HOUSE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 14, 2010

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York 10007
(212) 227-7373